**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Manuel Acosta | : |
| PLAINTIFF, | : |
| VS. | : NO. 3:01cv00407(AWT) |
| Lt. Woodson et al. : | : |
| DEFENDANTS. | : June 28, 2004 |

~~PLAINTIFF'S MEMORANDUM IN SUPPORT OF~~ **HIS OBJECTION TO DEFENDANTS**

**MOTION FOR SUMMARY JUDGMENT**

**The defendant's summary judgment claim regarding the section 1981 claim should be denied because the exclusion of the plaintiff from the dog training school constituted an adverse employment action.**

**Summary Judgment Standard**

"The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue of material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard." DHR Construction Co., Inc. v. Thomas J. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).

When passing upon a motion for summary judgment, the court may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury. In re Unisys Savings Plan Litigation, 74 F.3d 420

1

(3d Cir. 1996). Rather, the court must resolve any ambiguities and draw all inferences against the moving party. Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991). The evidence of the party against whom summary judgment is sought must be believed. Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994). The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993); Union Pacific Corp. v. United States, 5 F.3d 523, 525 (Fed. Cir. 1993); Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105 (1994); D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980); Connell v. Colwell, 214 Conn. 242, 246-47 (1990). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party. So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution. R. B. Ventures, Ltd.

2

v. Shane, 112 F.3d 54, 58-59 (2d Cir. 1997). "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997). Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

A party opposing summary judgment may do so by an affidavit clarifying that party's prior deposition testimony. Ramos v. Geddes, 137 F.R.D. 11 (S.D. Tex. 1991).

Hearsay evidence, while not admissible in support of a motion for summary judgment, **is** sufficient to defeat a summary judgment motion so long as there is reason to believe that the evidence can be offered in an admissible form at trial. McMillian v. Johnson, 88 F.3d 1573, 1584 (11th Cir. 1996); Williams v. Borough of West Chester, 891 F.2d 458 (3d Cir. 1990); Tetra Technologies, Inc. v. Harter, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993); Cerniglia v. LeVasseur, 19 Conn. L. Rptr. No. 4, 119 (1997).

The defendants assert in the motion for summary judgment that the 1981 claim fails to allege that an "adverse employment action." The defendant's do not dispute that

3

a "dog handler" is provided a stipend for the care of the dog, and additional opportunities for overtime if provide with a dog. Defendant's Memorandum in Support of Summary Judgment, p.12 (citing Acosta Dep, App. at 83, line 9-20, and Defendant's Statement of Material Facts, Paragraph 18.) Additionally, the plaintiff testified that the position of dog handler is a prestigous and sought after position.

Adverse employment actions include "discharge, refusal to hire, refusal to promote, demotion reduction in pay, and reprimand. <u>Treglia v. Town of Manlius</u>, 313 F.2d 713, 720 (2d Cir. 2002) (citations omitted). However they "have not been limited to pecuniary emoluments." Id. Further, "negative employment evaluation letters may also be considered adverse." Id.

In <u>Chavez v. Metropolitan District Commission</u>, 2004 WL 1393616 (D.Conn.) (Kravitz, J.), the court, in a Title VII discrimination action, held that a jury may conclude that the combination of reassigning the plaintiff's work to other employees, excluding him from meetings, and assigning other employees to sit in on interviews the plaintiff had previously conducted, constituted actions materially adverse to his employment.

In <u>Stalter v. Board of Cooperative Educational Services of Rockland County</u>, 235 F.Supp.2d 323, 330 (SDNY 2002), the court held that the denial of overtime work can constitute an adverse employment action under an ADA claim. The court noted that a materially adverse change may be unique to the particular situation and that the Court should examine each case to determine if such acts were adverse. Id. at 331. The court held that the position that Stalter sought had greater overtime opportunities, and was more prestigious. Id. At 332.

In <u>O'Bar v. Borough of Naugatuck</u>, 260 F.Supp2d 514 (D. Conn. 2003), the court

4

held that the combined effect of a police officer's change in shift where there was less opportunity of overtime, removal from a program which provide for overtime pay, and termination from the bicycle unit constituted adverse employment actions.

In the instant matter, the plaintiff's lost opportunity for overtime, coupled with the prestige of the dog handler unit constitutes adverse employment actions.

## **Negative Performance Observation Report May Be Deemed an Adverse Employment Action**

The defendants rely upon the <u>Sanders v. New York City Human Resources Administration</u>, 361 F.3d 749 (2d Cir. 2004) in support of its theory that a negative performance evaluation is considered an adverse employment action. Def. Mem at p. 17. However, in <u>Sanders</u>, the Court held that the negative evaluation, did not constitute an adverse employment action, because it remained in the plaintiff's personnel file for only two weeks, before being destroyed. <u>Id</u>. at 756.

In the instant matter, as noted by the defendants in its brief at p. 17, the negative evaluation Trooper Acosta remains in his file and included within the Performance Evaluation report.

As noted in <u>Treglia v. Town of Manlius</u>, 313 F.3d 713, 720 (2d Cir. 2002), a negative evaluation report may be considered an adverse employment action.

Wherefore, the negative evaluation, under these circumstances, may be considered an adverse employment action precluding summary judgment.

## THE DEFENDANTS MOTION FOR SUMMARY JUDGMENT ON THE CLAIMS OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DENIED.

Whether the conduct alleged by the plaintiff was intentional within the meaning of established law is a jury question, and the court should not usurp the role of the jury unless no reading of the facts alleged by the plaintiff could constitute the tort. As the court held in Mascia v. Faulkner, No. 349036, pp. 12-13 (New Haven J. D. 1995) (Fracasse, J.): "Summary judgment is inappropriate for issues involving 'motive, **intent** and subjective feelings and reactions,' United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 376. [Defendant's] **intent**, whether the conduct was extreme and outrageous, whether [defendant's] conduct caused the [plaintiffs'] distress, and the severity of the [plaintiffs'] distress are all genuine issues of material fact for the jury." Cf., e.g., Berry v. Loyseau, 223 Conn. 786, 807 (1992); Mather v. Griffin Hospital, 207 Conn. 125, 138 (1988); Lugo v. Rodriguez, 8 CSCR 244 (1992); Hansen v. Berger, Lehman Assoc., 9 CSCR 1243, 12 Conn. L. Rptr. No. 17, 555 (1994). See also Batick v. Seymour, 186 Conn. 632, 646-47 (1982). Courts in sister jurisdictions take the same position. E.g., Halio v. Lurie, 15 A.D.2d 62, 222 N.Y.S.2d 759, 764 (2d Dept. 1961); Murphy v. Murphy, 486 N.Y.S.2d 457, 459 (3d Dept. 1985); Flatley v. Hartmann, 138 A.D.2d 345, 525 N.Y.S.2d 637, 638 (2d Dept. 1988); Richard v. Armon, 144 A.D.2d 1, 4, 536 N.Y.S.2d 1014, 1016 (2d Dept. 1989); Collins v. Willcox Inc., 158 Misc.2d 54, 57, 600 N.Y.S.2d 884, 886 (N.Y. County, 1992); Subbe-Hirt v. Baccigalupi, 94 F.3d 111 (3d Cir. 1996).

This court does not "sit as a seventh juror." The plaintiff has a right to have a jury determine whether the conduct in question is sufficient to justify an award of damages. Berry v. Loiseau, supra, 223 Conn. at 807; Mather v. Griffin Hospital, 207 Conn. 125, 138 (1988).

The defendants assert that the racial jokes are insufficient, as a matter of law, to meet the of being burden of being extreme and outrageous, and therefore warrant summary judgment on the counts of intentional infliction of emotional distress. The plaintiff counters that such conduct falls within the ambit of "extreme and outrageous" conduct that exceeds the bounds of decency that is acceptable in society.

The United States Supreme Court, in Curtis v. Loether et al, noted that, in the context of a Title VII action, that an action for racial discrimination may also be likened to an action for intentional infliction of mental distress. 415 U.S. 189, 195-197 (1974).

Several Connecticut courts have determined that racial and or ethnic slurs can constitute extreme and outrageous conduct. In Leone v. New England Communications, 2002 WL 1008470, (Quinn, J, April 10, 2002), the court found that references to the plaintiff as "dago, wop, Father Sarducci, or Giambroni", were extreme and outrageous, given the strong public policy, codified in Connecticut General Statutes, Section 46a-58 (a), prohibiting discrimination based upon race, sex, or national origin.

In Denault v. Connecticut General Life Insurance Co., the court stated that the relationship between the parties, specifically one in a position of authority, is a "significant factor in determining whether liability should be imposed. (Citations omitted)

(comments regarding the plaintiff's sexual preference deemed "extreme and outrageous").

Defendant Sergeant McGuire frequently referred to people of Hispanic origin as "Paco." Plaintiff's Depo, p. 98,104 and 106.. The plaintiff witnessed Defendant Mcguire post a drawing, in the State Police Narcotics Taskforce building, of a dog with a collar that says "good boy," and a notation of the word Paco on top. Exhibit 7. A drawing of a small dog, copied from the Taco Bell commercial, with a State Police hat on its head that states "Yoo-hoo, it's me , Manny. Anyone here?," and also says, "Ha-ha, bet you thought you got reid of me, chalupa." Exhibit 8. The plaintiff testified that he believed Sergeant Stine had posted an offensive drawing that depicted the plaintiff in a state police uniform and Elian Gonzalez, the young, cuban american that fled Cuba. The drawing stated: "Cheshire AP, the Connecticut State Police are proud to announce that Trooper First Class Manny Acosta has agreed to escort the political pawn Elian Gonzales back to their homeland of Cuba. We will be sailing on a boat donated by the state police, but due to the fact that the boat is made out of cheap wood and it will become waterlogged by the time they reach Cuba. Trooper Acosta will not be able to make the a return trip home. It is believed that the wood used to make the boat was part of a picnic table that was outside the Statewide Narcotics House Central Office. This reporter interviewed members of the South Central Office. Everyone was upset and had this to say. We feel really bad about Manny taking this trip. We will surely miss eating our lunch on the picnic table. When asked about Trooper Acosta not being able to return back to Connecticut they were all too upset about losing the picnic table to answer that." Exhibit 9. Prior to the display of these pictures, the plaintiff was the

only Hispanic Officer Trooper in the South Central Office. Plaintiff's Depo, p. 172. The plaintiff testified that his sever and emotional distress manifested in feelings of "loss of confidence, loss of self respect, crying in front of people, so angry, not feeling equal." . Plaintiff's Depo, p. 169 Additionally, the plaintiff suffered from stomach cramps constantly, irritable around his family, and stressed. Plaintiff's Depo, p. 173-74, and that he saw a therapist, Jean Kennedy, for a year. Plaintiff's Depo, p. 170, and evaluated at Johnson Memorial Hospital for a stomach aliment, thinking it was an ulcer, and ultimately diagnosed as stress related. Plaintiff's Depo, p. 174.

Wherefore, the racial slurs and humiliation that that the plaintiff was subjected to, as referenced pages 84-86 of the Defendant's Appendix to its Motion for Summary Judgment, and the preceding paragraph, constitute conduct that it is extreme and outrageous.

As such, the defendants' motion for summary judgment on this count must be denied.

## CONCLUSION

For the reasons articulated herein, the plaintiff requests that this honorable court deny the motion of the defendants.

THE PLAINTIFF

BY: _____
Robert Berke
135 Elm Street
Bridgeport, CT 06604
203 332-6000
203 367-0661 fax
Fed Bar No. 20784

## CERTIFICATION OF SERVICE

I certify that copies have been delivered, postage pre-paid, to counsel of record as listed below, on this date: June 28, 2004:

Mark Kindall, Esq.
Assistant Attorney General
55 Elm Street
PO Box 120
Hartford, CT 06141
(860) 808-5340

_____
Robert M. Berke